NAME: Richard Allen Cuevas

PRISON NUMBER: T-26470

CURRENT ADDRESS OR PLACE OF CONFINEMENT: 480 Alta Road, F1-B5-Cell 217up

CITY, STATE, ZIP CODE: San Diego CA, 92179-9001

2254 ✓  1983
FILING FEE PAID  Yes ✓  No
IFP MOTION FILED  Yes ___ No ✓
COPIES SENT TO  Court ✓  ProSe ___

FILED ORIGINAL -9 PM 4:15
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Richard Allen Cuevas,

(FULL NAME OF PETITIONER)

PETITIONER

v.

Robert J. Hernandez,

(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS])

RESPONDENT

and

Jerry Brown,

The Attorney General of the State of California, Additional Respondent.

Civil No. '08 CV 0647 J NLS

(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: _____
   San Diego Superior Court, 220 W. Broadway, P.O. Box 122724

2. Date of judgment of conviction: July 30, 2001

3. Trial court case number of the judgment of conviction being challenged: _____
   SCD154691

4. Length of sentence: 13 YEARS

CIV 68 (Rev. Dec. 1998)    K:\COMMON\FORMS\CIV-68.

5. Sentence start date and projected release date: August 23, 2001 - Feb. 22, 2012 (EPRD)

6. Offense(s) for which you were convicted or pleaded guilty (all counts): (I) Attempted Murder with Great Bodily Injury and use of a deadly weapon/ 664/187(a),12022.7(a), 12022 (b)(1)

7. What was your plea? (CHECK ONE)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury ☐
   (b) Judge only ☐

9. Did you testify at the trial?
   ☐ Yes  ☐ No

### DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☐ Yes  ☒ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: ___
    (b) Date of result, case number and citation, if known: ___
    (c) Grounds raised on direct appeal: ___

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: ___
    (b) Date of result, case number and citation, if known: ___
    (c) Grounds raised: ___

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a) Result: _____

    (b) Date of result, case number and citation, if known: _____

    (c) Grounds raised: _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
    ☒ Yes  ☐ No

15. If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number: HC 17091 (3rd Petition), SCD 154691
    (b) Nature of proceeding: Habeas Corpus

    (c) Grounds raised: Due Process, CUNNINGHAM V. U.S. SUPREME COURT

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☒ No
    (e) Result: _____
    (f) Date of result: _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
    ☒ Yes  ☐ No

17. If your answer to #16 was "Yes," give the following information:
    (a) **California Court of Appeal** Case Number: D051088
    (b) Nature of proceeding: Habeas Corpus
    (c) Grounds raised: Due Process, CUNNINGHAM V. U.S. SUPREME COURT

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes ☒ No
    (e) Result: _____
    (f) Date of result: _____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
    ☒ Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:
    (a) **California Supreme Court** Case Number: S155731
    (b) Nature of proceeding: Habeas Corpus
    (c) Grounds raised: Due Process, CUNNINGHAM V. U.S. SUPREME COURT

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes ☒ No
    (e) Result: _____
    (f) Date of result: _____

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

_____
_____
_____
_____

### COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your first federal petition for writ of habeas corpus challenging this conviction?
    ☒ Yes ☐ No    (IF "YES" SKIP TO #22)
    (a) If no, in what federal court was the prior action filed? _____
        (i) What was the prior case number? _____
        (ii) Was the prior action (CHECK ONE):
            ☐ Denied on the merits?
            ☐ Dismissed for procedural reasons?
        (iii) Date of decision: _____
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
        ☐ Yes ☐ No
    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
        ☐ Yes ☐ No

---

**CAUTION:**

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

TABLE OF AUTHORITIES

Cases..

People v. Coronado (1995) 12 Cal 4th, 145

People v. Esquibel (2006) 49 CR 3rd, 393

People v. Tillotson (2007) DJDAR 17736

People v. Williams (2004) 34 Cal 4th, 397, 402

CA Rules of Court, Rule (4420e)

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: PETITIONER WAS IMPROPERLY SENTENCED TO THE UPPER TERM BASED UPON THE DISCRETION OF THE SENTENCING JUDGE WITHOUT A JURY FINDING OF FACT TO THE AGGRAVATING FACTORS. PURSUANT TO THE RECENT U.S. SUPREME

Supporting FACTS (state *briefly* without citing cases or law) (Cont. See Attached)

On August 23, 2001, Petitioner Richard Allen Cuevas, Case No. SCD154691 was sentenced to 13 years, without a jury finding the truth of the aggravating factors that were utilized to attain the upper term on the single charge of 667/187(a). Upon review of this petition of Habeas Corpus, by hte Superior Court of San Diego (See exhibit (C)), the Court contends that by "Stipulating to the Sentence," Petitioner admitted that there were aggravating factors justifying the imposition of the upper term. Petitioner insists that in the transcripts (see exhibit (B)), there are MORE mitigating factors specified throughout the text versus the aggravating factors that were relied upon to justify an imposition of an upper term. Moreover, if any factors that were utilized in the court's discretion to reach it's selection of the upper term can only have been the enhancement of Great Bodily Injury which carries 3 years, that was already included in the plea bargain, thus creating an invalid usage of such factor in arriving at the aggravated sentence of 9 years for the charge of 667/187(a), due to the fact that an underlying enhancement cannot do double duty; it cannot be used to impose an upper term sentence and, on top of that an enhanced term (Penal Code 1170(B)).

The sentencing Judge solely upon his discretion found the aggravating merited the upper term. The U.S. Supreme Court found such a departure to be error. The sentencing Judge, it was found, did not have such a discretion.

Did you raise **GROUND ONE** in the California Supreme Court? (See attached)
☒ Yes ☐ No.

1  (GROUNDS FOR RELIEF CONTINUED)
2  RULING IN CUNNINGHAM V. CALIFORNIA, SUCH ERROR REQUIRES CORRECTION
3  OF THIS ERROR OF SENTENCE.

ase 3:08-cv-00647-J-NLS   Document 1   Filed 04/09/2008   Page 9 of 15

(Supporting Facts continued)

(see attached Abstract of Judgement, exh. (A)). The sentencing Judge did not have a Juries determination for the aggravating factor necessary for the Judge to impose the upper term legally. It was the Judges ministruals duty, absent a Juries finding to submit a "Seperate concise Statement of the ultimate facts," (Rule 4420e) which is absent from Petitioners sentencing procedure (see exhibit (B)).

    Petitioner respectfully requests that this error be corrected and the mid-term be applied to his sentence. Petitioner may waive a Jury trial during plea bargain procedures, but not his Constitutional rights to Due Process. Absent a Jury, the Judge had specific duties which required neither discretion to set the upper term without complying with these duties. A right to a Jury trial imposes all these rights to Petitioner and duties for the Judge.

    Petitioner requests a new, corrected and modified Abstract of Judgement reflecting this changed, with all applicable credits being applied to his time served and pre-sentence time served reflected.

    Petitioner is not rescinding his plea bargain nor is requesting to have his plea bargain dismissed/withdrawn. He simply requests to have his sentence corrected to reflect the finding in Cunningham.

    Cunningham has been interpreted by multiple State Appellate Courts in California and has been interpreted in different manners. Some Judges are agreeing with the U.S. Supreme Court such as in (People v. Tillotson 2007), that sole discretion of a sentencing Judge has been vacated of their power to utilize factors presented before the court to enhance and aggravate a term.

    In no particular instance were the Judges given the authority

1 | (Supporting facts, P.3)
2 | to use their own discretion when imposing an aggravated sentence.
3 | All aggravating factors, according to the Cunningham ruling must
4 | be presented to a Jury in order to be proven "beyond a reasonable
5 | doubt."
6 |     In the (People v. Tillotson) case Tillotson contends that
7 | imposing an enhancement twice constitutes an unauthorized sentence.
8 | Petitioner of this Writ also contends that this arguement is also
9 | having a bearing on his confinement. (People v. Coronado, 1995),
10 | explains the two types of sentence enhancements; (1) Those that go
11 | to the nature of the offender, that in this particular instance is
12 | null and void, being that this is Petitioners first and only offense,
13 | in eithe Juvenile or Adult jurisdictions; (2) Those that go to the
14 | nature of the offense, this second method of applying an enhancement
15 | is being occupied to aggravate the charge of 667/187(a) as well as
16 | serving a concurrent duty in the form of Great Bodily Injury and
17 | the use of a deadly weapon. Therefore, as stated in
18 | (People v. Williams, 2004), this status enhancement may only be im-
19 | posed once in arriving at an aggregate sentence.
20 |     Petitioner further contends that "A defendant does not forfeit
21 | or waive a legal arguement that was not recognized at the time of
22 | sentencing, (People v. Esquibel, 2006). Henceforth, because the
23 | sentencing Judge imposed an upper term sentence on the single count
24 | of 187(a), without finding it to be true beyond a reasonable by a
25 | Jury , the error is to be viewed as not being harmless to the Pe-
26 | titioner, and that the sentence be modified in light of Cunningham
27 | as requested throughout the California Appelate Courts.
28 |

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
    ☐ Yes  ☒ No

24. If your answer to #23 is "Yes," give the following information:
    (a) Name of Court: _____
    (b) Case Number: _____
    (c) Date action filed: _____
    (d) Nature of proceeding: _____
    (e) Grounds raised: _____
    
    (f) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☐ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing: __Francis J. Bardsley__
        __San Diego California__
    (b) At arraignment and plea: __SAME AS ABOVE__
    (c) At trial: __NA__
    (d) At sentencing: __SAME AS ABOVE__
    (e) On appeal: _____
    (f) In any post-conviction proceeding: __NA PRO PER__
    (g) On appeal from any adverse ruling in a post-conviction proceeding: __PRO PER__

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    ☐ Yes  ☒ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    ☐ Yes  ☒ No

    (a) If so, give name and location of court that imposed sentence to be served in the future: _____

    (b) Give date and length of the future sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        ☐ Yes  ☐ No

28. Date you are mailing (or handing to a correctional officer) this Petition to this court: 3-3-2008

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

3-3-2008                    [signature]
(DATE)                      SIGNATURE OF PETITIONER

S155731

# IN THE SUPREME COURT OF CALIFORNIA

En Banc

---

In re RICHARD ALLEN CUEVAS on Habeas Corpus

---

The petition for writ of habeas corpus is denied.

SUPREME COURT
FILED

FEB 1 3 2008

Frederick K. Ohlrich Clerk

_____
Deputy

_____
GEORGE
Chief Justice

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Richard Allen Cuevas

**DEFENDANTS**

Hernandez, et al.

FILED
2008 APR -9 PM 4:23
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Richard Allen Cuevas
480 Alta Road
San Diego, CA 92179
T-26470

**ATTORNEYS (IF KNOWN)**

'08 CV 0647 J NLS

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

28 U.S.C. 2254

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | ☐ 862 Black Lung (923) | |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectmant | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ Security Act | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ Docket Number _____

DATE  April 9, 2008

SIGNATURE OF ATTORNEY OF RECORD

CR
SU 149593  $5.00  4/9/08

```
        UNITED STATES
        DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

        # 149593      - SH
        * * C O P Y * *
          April 09, 2008
             16:19:39

           Habeas Corpus
    USAO #.: 08CV0647
    Judge..: NAPOLEON A JONES, JR
    Amount.:
    Check#.: STCA015-131780        $5.00 CK


        Total->   $5.00


    FROM: RICHARD ALLEN CUEVAS
```